THE STATE VS. EMERICK.

CRIMINAL PLEADING: *Indictment for selling liquor to minors.*

An indictment charging the selling of intoxicating spirits to a minor, without his parents' consent, in writing, and not negativing the consent of his guardian, is bad, on demurrer.

APPEAL from *Lonoke* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*Henderson, Attorney General,* for appellant.

*Hallam, contra.*

ENGLISH, C. J. John Emerick was indicted in the circuit court of Lonoke county for selling intoxicating spirits to a minor. There were two counts in the indictment, in substance as follows:

The first count charges that John Emerick, on, etc., at, etc., "did then and there unlawfully sell intoxicating spirits to Ab. Clements, he, the said Ab. Clements, being then and there under the age of twenty-one years, and the said sale having been then and there made without the consent, in writing, of the parents of the said minor, against the peace," etc.

The second count charged that defendant, on, etc., at, etc., " did then and there unlawfully sell spirituous liquors to a minor, without the consent, in writing, of the parents of said minor, against the peace," etc.

The court sustained a demurrer to the indictment and the state appealed.

The statute under which the indictment was drawn follows:

" If any person shall sell to or buy for any minor intoxicating spirits of any kind, without the consent or order, in writing, of the parent ·or guardian of such minor, he shall, upon conviction thereof, be fined in any sum not less than twenty-five nor more than one hundred dollars." *Gantt's Digest, sec. 1609.*

*Omey v. The State, 23 Ark., 281,* is, on principle, like this case. That was an indictment under a statute which pro-

vided that no person should sell, or cause to be sold, to a slave, ardent spirits, without the permission of the master, mistress, overseer, or person having charge of the slave.

The second count of the indictment charged that defendant sold ardent spirits to a slave without permission of his master, but did not negative the permission of the mistress, overseer, etc.    The court held the count bad.    The Chief Justice, who delivered the opinion of the court, said: "It does not make out the offense under the statute to charge that the ardent spirits were sold to the slave without permission of the master, for the permission may be given by the mistress, overseer, or person having charge of the negro; and it is more consistent with the rules of criminal pleading for the indictment to negative the permission of all persons who are designated in the statute as authorized to give it."

In this case neither count negatives the consent or order, in writing, of the guardian of the minor, nor does it allege that the minor had a parent and no guardian.

All that is alleged in the indictment may be true, and yet the accused may have been guilty of no offense against the statute.    It is better pleading to negative the consent or order, in writing, of parent or guardian, in the language of the statute.

In *The State v. Shoemaker*, *4 Indiana*, *100*, which was an indictment under a similar statute, the sale was alleged to have been made to the minor "without the consent of his parent," the language of the statute, omitting the words of our statute, "or guardian."

The court said: "It is possible that one, or both, of the minor's parents are dead—possible that he had a guardian. But the presumption in favor of the parent being alive and competent to discharge the duties which that position

imposes, may be fairly indulged. It is not necessary that the indictment should negative every conceivable fact which might change the character of the offense," etc., and the indictment was held good.

With all due respect to the supreme court of Indiana, we think it safer not to indulge in presumptions, unless they be based upon well-established legal rules, to uphold indictments. Every person is presumed to be innocent of crime, until the contrary is alleged and proven. And if the indictment is so framed that all its allegations may be true and yet the accused guilty of no offense, it is safer to hold it bad, on demurrer.

It is simple and easy for prosecuting attorneys, in drafting indictments for misdemeanors under the statutes, to follow their language and negative the existence of any fact mentioned in the enacting clause which would make the act innocent charged to be criminal.

Affirmed.